**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
JUAN AZANA                    :    Civ. No. 3:17CV01855(SALM)
                              :
v.                            :
                              :
ZIGGY'S FAMILY PIZZA          :
RESTAURANT, LLC and           :
GREGORY ZEPEDA                :    June 29, 2018
                              :
------------------------------x
```

## ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL [Doc. #34]

On November 3, 2017, plaintiff Juan Azana ("plaintiff") filed a complaint against defendants Ziggy's Family Pizza Restaurant, LLC and Gregory Zepeda (collectively the "defendants"). [Doc. #1]. The complaint alleges that defendants failed to pay plaintiff overtime wages in violation of both the Connecticut Minimum Wage Act and the federal Fair Labor Standards Act ("FLSA"). See id. at 2-3.

On April 2, 2018, Judge Alvin W. Thompson referred this matter to the undersigned for a settlement conference [Doc. #18], which was conducted on June 20, 2018. [Docs. #26, #31, #32]. Plaintiff and defendants reached agreement on the material terms of a settlement at this conference. [Doc. #31]. On June 20, 2018, the parties filed a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. [Doc. #33]. This matter was thereafter transferred to the undersigned. [Doc. #35].

1

The settlement agreement provides that the plaintiff will release all wage and hour claims that were brought in this litigation against the defendants in exchange for payment of $15,000, of which $3,000 would be allocated to New Haven Legal Assistance as attorney's fees and costs. See Doc. #34-1 at 1; see also Doc. #34 at 3. The parties now move for approval of the settlement agreement. [**Doc. #34**]. For the reasons articulated below, the Court **GRANTS** the Joint Motion for Settlement Approval [**Doc. #34**], the parties' settlement is **APPROVED,** and plaintiff's claims are **DISMISSED, with prejudice**.

## APPROVAL OF THE SETTLEMENT

The Second Circuit has resolved the previously unsettled question of "whether parties may settle FLSA claims with prejudice, without court approval or [Department of Labor ("DOL")] supervision, under Federal Rule of Civil Procedure 41(a)(1)(A)(ii)." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 201 (2d Cir. 2015) (footnote omitted). The Second Circuit held that court or DOL approval is required:

> Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect. Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work."

Id. at 206 (citation omitted). The Court therefore must review a proposed settlement and determine whether it is fair in light of the particular circumstances of the case and in light of the remedial purposes of the FLSA:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

A court may approve an FLSA settlement reached as a result of contested litigation if it determines that the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); see also Aros v. United Rentals, Inc., No. 3:10CV00073(JCH) and related cases, 2012 WL 3060470, at *2 (D. Conn. July 26, 2012).

Having assisted the parties in mediating this dispute, the Court is in a good position to evaluate the fairness of the proposed agreement. The Court finds that the proposed settlement agreement is fair and reasonable and satisfies the requirements

for settlement approval under federal law as summarized in
Wolinsky. (1) The proposed settlement amount is reasonable in
light of the plaintiff's range of possible recovery. (2) The
agreement was reached while this case was in its early stages;
minimal discovery had been conducted and no dispositive motions
had been filed, enabling the parties to avoid substantial
expense in pursuing their claims and defenses. (3) There were
significant factual disputes, including a question of the number
of hours actually worked by the plaintiff, presenting litigation
risks to both parties. (4) The agreement is the product of
arm's-length bargaining between two parties represented by
qualified counsel with experience in this field. (5) The Court
sees no possibility of fraud or collusion.

The FLSA settlement in this case was the result of
contested litigation and arm's-length negotiations facilitated
by the undersigned; accordingly, approval of the agreement is
appropriate. See Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476
(S.D.N.Y. 2013) ("If the proposed FLSA settlement reflects a
reasonable compromise over contested issues, it should be
approved." (citation omitted)).

## AWARD OF FEES AND COSTS TO PLAINTIFF'S COUNSEL

"The FLSA provides for 'reasonable' attorneys' fees." Aros,
2012 WL 3060470, at *4 (citing 29 U.S.C. §216(b)).

4

> The Court must also separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined. Attorney's fees in FLSA settlements are examined to ensure that the interest of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. Where the fees are set as part of negotiations between the parties, there is a greater range of reasonableness for approving attorney's fees.

Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (internal citations and quotation marks omitted).

"Fee awards in wage and hour cases are meant to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Aros, 2012 WL 3060470 at *4 (quoting Sand v. Greenberg, No. 08CV7840(PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) (internal quotation marks omitted)). "Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA." Id. (collecting cases).

The settlement agreement provides for payment to plaintiff's counsel's organization, New Haven Legal Assistance, of $3,000 in attorney's fees and costs. The Court finds this fee reasonable. The requested fee is reasonable in light of plaintiff's counsel's work performed to date, including the identifying, investigating, and prosecuting of plaintiff's

claims, which contributed to the successful resolution of those claims. See Aros, 2012 WL 3060470, at \*7. The Court further finds that the settlement does not favor plaintiff's counsel over plaintiff himself; indeed, it represents a smaller percentage of the total stipulated settlement than is called for by many standard contingency fee arrangements.

### CONCLUSION

For the reasons set forth herein, the Court **GRANTS** the Joint Motion for Settlement Approval [**Doc. #34**]. The parties' settlement agreement is **APPROVED,** and this case and the claims of plaintiff are **DISMISSED, with prejudice,** in their entirety, without an award of costs to any party, except as specifically provided for in the settlement agreement and in this Order.

The Court retains jurisdiction over this action for six months for the purpose of enforcing the settlement agreement. The parties shall abide by the terms of the settlement agreement, and this Order.

SO ORDERED at New Haven, Connecticut this 29th day of June, 2018.

/s/ 
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE